UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO TORRES,

    Plaintiff,

    v.

NATALIE SABA, et al.,

    Defendants.

Case No. 16-cv-06607-SI

**ORDER FOR AMENDMENT TO COMPLAINT**

Re: Dkt. Nos. 1, 2

## BACKGROUND

Mario Torres, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. His motion for appointment of counsel also is before the court for review.

## BACKGROUND

In this action, Torres asserts claims against numerous defendants for alleged misdeeds in connection with criminal cases filed against Torres. The 138-page complaint names 35 defendants and indicates that more defendants will be added when he learns their names. Docket No. 1 at 8-9.

The complaint discloses that numerous criminal charges have been filed against Torres. The complaint mentions charges against Torres for domestic violence against his girlfriend, an assault on Rick Hendricks, resisting arrest on July 4, 2012, and a drug charge of some sort. The complaint does not adequately describe the relationship(s) between the charges, so that the reader cannot understand how many different cases were filed, whether some charges were severed for trial, and the resolution of the different charges.

Following a trial in Contra Costa County Superior Court, Torres was convicted and received a six-year prison sentence for assault by means of force likely to produce great bodily injury and battery on Rick Hendricks. *See* Docket No. 1-4 (*People v. Torres*, Cal. Ct. App. Case No. A139734, 12/17/14 opinion at 1). The conviction was overturned on appeal on December 17, 2014, and the case was remanded "for retrial or other proceedings consistent with this opinion." *Torres* slip opinion at 14. The conviction was reversed because of the cumulative effect of the erroneous admission of hearsay evidence of uncharged assault by Torres upon his girlfriend, failure to give a limiting instruction, and allowance of a cross-examination of the defendant that went far beyond impeachment. *Id.* at 13.

The complaint alleges that, after the reversal on appeal, the prosecution decided to retry Torres for the assault on Rick Hendricks. After some pretrial proceedings but before the retrial occurred, Torres agreed to a plea bargain and entered a guilty plea covering several cases pending against him. *See* Docket No. 1-2 at 45-48; Docket No. 1-3 at 24-27 (Complaint at 100-03, 124-27). Although the plea agreement covered more than the assault on Rick Hendricks, the complaint does not adequately describe which criminal episodes were covered by the plea bargain or adequately describe the crimes to which Torres pled guilty and the charges that were dismissed in exchange for the pleas of guilty.

The complaint alleges numerous problems in Torres' first trial for the assault on Rick Hendricks, including: ineffective assistance of his public defenders; judicial misconduct; prosecutorial misdeeds; alteration or fabrication of the reporters' transcripts of several proceedings;[1] improper denial of Torres' many *Marsden* motions; and other incorrect judicial rulings in pretrial proceedings and at the trial. The appellate record allegedly is "incorrect" and "fraudulent." Docket No. 1-1 at 3 (Complaint at 12). Torres also alleges repeatedly that he was denied "discovery" in the criminal case, although the context of those allegations seems to suggest that he means that his public defender would not deliver certain documents to him (and the

---

[1] Torres declares under penalty of perjury that, as to at least some of the transcripts: "I don't know whether the judges in my court proceedings had the testimony stricken from the record or the court reporters in those proceedings took it upon themselves to doctor the testimony." Docket No. 1-4 at 18.

United States District Court
Northern District of California

1 superior court judges would not order the public defender to do so), rather than that the
2 prosecution would not turn over documents to the defense. *See, e.g.,* Docket No. 1-1 at 10
3 (Complaint at 19).

4 The complaint also alleges that, on July 4, 2012, two Concord police officers beat Torres at
5 his home and later at the police station. Docket No. 1-1 at 5 (Complaint at 14). "[F]raudulent
6 police reports were made" and criminal charges were filed. *Id.* Public defenders, the prosecutor,
7 judges, the internal affairs office of the police department, and courtroom staff "have done
8 everything in their power to cover this matter up." *Id.* "[E]verything described in this lawsuit has
9 stemmed from this incident" with the Concord police. Docket No. 1-1 at 6 (Complaint at 15).

10 The complaint further alleges that Torres was arrested on April 3, 2013, and public
11 defender Natalie Saba was assigned to represent him on "15 felonies and 5 strikes." Docket No.
12 1-1 at 7 (Complaint at 16). A plea deal was offered "for all case #s except" the case involving the
13 assault on Hendricks. *Id.* Torres rejected the plea deal.

14 Torres filed a Government Tort Claim; which was rejected as untimely filed. Docket No.
15 1-1 at 3 (Complaint at 12). The rejection letter dated August 10, 2016, stated that the "cause of
16 action accrued 12/17/2014," and the claim was untimely because it was presented more than one
17 year beyond the date the cause of action accrued. Docket No. 1-4 at 40.

18

19 **DISCUSSION**

20 A.   Review of Complaint

21 A federal court must engage in a preliminary screening of any case in which a prisoner
22 seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28
23 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any
24 claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
25 seek monetary relief from a defendant who is immune from such relief. *See id.* at
26 § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police*
27 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

28 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

3

right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint covers such a wide variety of events, many of which are incompletely described, that the court has determined that the best course is to have Torres file an amendment to his complaint to address several basic problems with the complaint. Once the court receives that information, it can better determine whether an amended complaint will be necessary and whether any claims may be dismissed without further leave to amend. The areas Torres will be required to address in his amendment include a potential *Heck* bar to some or all claims, the immunities available to some defendants, and the lack of state action by some defendants.

The *Heck* Problem: The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

As Torres acknowledges in his complaint, the *Heck* rule may bar some of his claims. *See* Docket No. 1-1 at 2 (Complaint at 11). The court's ability to screen the complaint under 28

4

1    U.S.C. § 1915A is hampered by the lack of information about the status of the criminal cases
2    against Torres. Without knowing what convictions are in place, and what charges have been
3    dismissed or resulted in acquittals, the court cannot determine the claims that are barred by *Heck*.
4    If criminal charges are still pending, the court may need to stay part or all of the action. *See*
5    *Wallace v. Kato*, 549 U.S. 384, 393 (2007).

   Torres must file an amendment in which he explains the status of the various criminal charges against him. As the court understands his allegations, charges were filed against him for at least these different crimes: domestic violence against his girlfriend, assaulting Rick Hendricks, resisting arrest, and drug offenses. For each one of those incidents (as well as every other event that led to a criminal charge that relates to any claim in this action), Torres must provide the following information: (1) generally describe the incident(s) that led to the charge(s) in that case; (2) list the charges filed (i.e., list the crimes he was accused of committing); (3) list the crimes of which he was convicted; and (4) describe any favorable termination of the charges, such as dismissal, acquittal, or reversal on appeal. For any charges currently pending against Torres that pertain to any of the claims in this action, Torres must provide the following information: (1) generally describe the incident(s) that led to the charge(s) in that case; and (2) list the charges filed (i.e., list the crimes he was accused of committing). For any plea agreement that he has entered that covers more than one case, he should describe the terms of the plea agreement (e.g., the crimes to which he pled guilty or no contest, the charges that were dismissed, and the sentence that was imposed), and should explain which cases were resolved by the plea agreement. Torres is encouraged to attach a copy of any relevant plea agreement and abstract of judgment.

   With regard to the charge that he was beaten by Concord police officers during the course of his arrest, if Torres was convicted of resisting arrest, Torres should explain why that conviction does not pose a *Heck* bar to his excessive force claim. Excessive force claims may survive *Heck* if the elements of the offense of which an arrestee was convicted are not inconsistent with a determination that the officers used excessive force on the arrestee. *See, e.g., Hooper v. County of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) ("conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under *Heck* when the conviction and

United States District Court
Northern District of California

5

the § 1983 claim are based on different actions during 'one continuous transaction.'")

Judicial immunity: Torres has named seven judges of the Contra Costa County Superior Court as defendants. Docket No. 1 at 8 (Complaint at 8). It appears that the judges have absolute judicial immunity for the acts alleged in the complaint, as the allegations concern decisions they made in presiding over Torres' criminal case(s) and those were acts performed in their judicial capacity. *See Pierson v. Ray,* 386 U.S. 547, 553-55 (1967). In his amendment, Torres must explain why the doctrine of absolute judicial immunity does not require the dismissal of each of the judges from this action.

Prosecutorial immunity: Torres has named as defendant two district attorneys and the Contra Costa County District Attorney's office. *See* Docket No. 1 at 6 (Complaint at 6). The complaint does not allege what the District Attorney's office did, other than employ the individual prosecutors. A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see, e.g., Burns v. Reed*, 500 U.S. 478, 490-91 & n.6 (1991) (prosecutors absolutely immune for their conduct before grand juries and in presenting evidence at probable-cause hearings for a search warrant). It appears that the prosecutors have absolute prosecutorial immunity for the acts alleged in the complaint, as the allegations concern their conduct in the courtroom in, e.g., opposing the defense and presenting the prosecution's case. In his amendment, Torres must explain why the doctrine of absolute prosecutorial immunity does not require the dismissal of each of these defendants from this action.

Public defenders are not state actors: Torres has named as defendants five public defenders and the Contra Costa County Public Defender's office. *See* Docket No. 1 at 6 (Complaint at 6). The complaint does not allege what the Public Defender's office did, other than employ the individual attorneys. State court criminal defendants cannot sue their lawyers in federal court under 42 U.S.C. § 1983 for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of a claim under § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-

examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). In his amendment, Torres must explain why the § 1983 claims against the public defenders should not be dismissed under the rule from *Polk County v. Dodson*.

B. Motion For Appointment of Counsel

Torres has moved for the appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. On the allegations of the complaint, the likelihood of success on the merits looks rather low and plaintiff has not shown a difficulty articulating his claims. The motion for appointment of counsel is DENIED. (Docket No. 4.)

## CONCLUSION

The complaint is dismissed with leave for Torres to file an amendment providing the information identified in this order. Torres must file the amendment no later than **March 3, 2017**, and must include the caption and civil case number used in this order and the words AMENDMENT TO COMPLAINT on the first page. The amendment may not exceed 25 pages in length. Failure to file the amendment may result in the dismissal of part or all of this action.

**IT IS SO ORDERED**.

Dated: January 10, 2017

SUSAN ILLSTON
United States District Judge