UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br>　　　　Plaintiff,<br>　　v.<br>NATALIE SABA, et al.,<br>　　　　Defendants. | Case No. 16-cv-06607-SI<br><br>**ORDER OF SERVICE AND PARTIAL SEVERANCE**<br><br>Re: Dkt. Nos. 16, 17, 18, 19 |

Mario Torres, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His third amended complaint is now before the court for review under 28 U.S.C. § 1915A. His third motion for appointment of counsel and his request to exceed the court-set page limit for the third amended complaint also are before the court for review. This order determines that the claims related to Torres' July 4, 2012 arrest will go forward in this action and severs the other claims for resolution in a separate action. The third motion for appointment of counsel is denied.

**BACKGROUND**

In this action, Torres asserts claims against numerous defendants for alleged misdeeds during his arrest and in connection with criminal cases filed against him. His third amended complaint can be broken into two segments: claims about his arrest on July 4, 2012, and claims about Torres' first trial for an assault he committed four months later.

A. <u>Claims Arising From Torres' July 4, 2012 Arrest (Pages 9-14 of TAC)</u>

The third amended complaint alleges the following: Concord police officers Mike Hansen and Daniel Smith went to Torres' home in response to a call about an argument Torres had with his girlfriend. The officers wanted to enter the residence, and Torres wanted to see a warrant. Officer Hansen then became angry and told Torres, "'[i]t's the law'" that he had to let the officers into the residence. Docket No. 18 at 10. Torres allowed them to enter the residence. Once in the residence, officers Hansen and Smith beat Torres with batons. Torres was then handcuffed. Officer Hansen beat Torres again. Eventually, the officers transported Torres to the Concord police station. At the station, he was again beaten by the officers and was put in a holding cell.[1]

The third amended complaint alleges that Concord police sergeant White "negligently and intentionally refused to thoroughly investigate plaintiff's claims of excessive force," yet in the next paragraph admits that Torres "is unsure of White's role in this complaint." *Id.* at 13.

The third amended complaint alleges that the Concord Police Department failed to properly train and supervise officers, and failed to properly investigate claims against them. Docket No. 18 at 13-14. The City of Concord and Contra Costa County knew or should have known that the Concord Police Department's inadequate training program was likely to result in constitutional violations and other civil wrongs. *Id.* at 14.

B. <u>Claims About Torres' First Trial For Assault (Pages 14-45 of TAC)</u>

The second segment of the third amended complaint concerns the criminal proceedings against Torres for a November 28, 2012 assault on Rick Hendricks. Following a trial in Contra Costa County Superior Court, Torres was convicted and received a six-year prison sentence for assault by means of force likely to produce great bodily injury and battery on Rick Hendricks. *See* Docket No. 1-4 (*People v. Torres*, Cal. Ct. App. Case No. A139734, 12/17/14 opinion at 1, 2). On

---

[1] The third amended complaint also alleges that officer Smith perjured himself during Torres' preliminary hearing to cover up the excessive force. Docket No. 18 at 11-12. This claim was dismissed because it is barred by the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Docket No. 12 at 13.

2

1  December 17, 2014, this conviction was overturned on appeal, and the case was remanded "for
2  retrial or other proceedings consistent with this opinion." *Torres,* slip opinion at 14; *see* Docket
3  No. 18 at 5. The conviction was reversed because of the cumulative effect of the erroneous
4  admission of hearsay evidence relating to an uncharged assault by Torres upon his girlfriend,
5  failure to give a limiting instruction, and allowance of a cross-examination of the defendant that
6  went far beyond impeachment. *Torres,* slip opinion at 13. After the reversal, the prosecution
7  decided to retry Torres for the assault on Rick Hendricks. Torres eventually agreed to a plea
8  bargain and entered a guilty plea covering several cases pending against him, including
9  convictions for battery causing great bodily injury and assault by force likely to cause great bodily
10 injury to Rick Hendricks. *See* Docket No. 1-2 at 45-48; Docket No. 1-3 at 24-27.

The second segment of the third amended complaint concerns the first trial for the assault on Rick Hendricks. The third amended complaint alleges that two Contra Costa County public defenders provided inadequate representation in that case (Docket No. 18 at 15-35); two probation officers made false statements in a probation report (*id.* at 27-29); the Office of the Contra Costa County Public Defender failed to properly hire, train, and supervise public defenders, and covered up wrongdoings (*id.* at 36-37); four court reporters prepared incorrect transcripts during the pretrial hearings and at trial (*id.* at 37-39); Contra Costa County has policies or customs that led to the misdeeds mentioned in this paragraph (*id.* at 40-41); and the State of California owes Torres damages for everything alleged in the third amended complaint (*id* at 43).

**DISCUSSION**

A.  <u>Severance of the Defendants And Claims Regarding The First Trial For Assault</u>

Under Federal Rule of Civil Procedure 20(a), all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E

3

infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims made no effort to show that the 24 defendants had participated in the same transaction or series of transactions or that a question of fact was common to all defendants). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). "Instead of developing one generalized test for ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts seem to have adopted a case-by-case approach. As stated by one district court judge: 'there can be no hard and fast rule, and that the approach must be a general one of whether there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly [the several claims] against them.'" 7 Wright, Miller & Kane, Federal Practice and Procedure § 1653 (3d ed. 2001) (citation omitted).

Here, the third amended complaint has a joinder problem. In the first segment, three members of the Concord Police Department and the Concord Police Department itself are sued for events occurring during Torres' arrest on July 4, 2012. They are not named as defendants for the second segment of the third amended complaint, which concerns the criminal proceedings against Torres for assaulting Rick Hendricks -- an assault that occurred four months after the arrest giving rise to the claims in the first segment of the third amended complaint. The claims against the defendants in the second segment are not "with respect to or arising out of the same . . . series of transactions or occurrences" as required for permissive joinder. See Fed. R. Civ. P. 20(b). The July 4 arrest claims arise out of a different occurrence from the claims regarding the trial. And the defendants break into two separate groupings. The defendants (and claims against them) in the second segment are not properly joined with the defendants (and claims against them) in the first segment.

4

There are several allegations that may, at first blush, suggest that there are one or more defendants who are proper defendants for claims in both segments, such that it would be appropriate for the two segments proceed in a single action. *See* Fed. R. Civ. P. 18. Upon closer examination, there are no such defendants as to whom viable claims are pled. First, the third amended complaint alleges that unidentified "defendants" conspired to cover up the Concord police officers' excessive force. *See, e.g.,* Docket No. 18 at 8. Even if these unnamed defendants are also defendants for the second segment, the allegations of conspiracy are mere conclusory allegations and do not suffice to state a claim against anyone. The court earlier noted that conclusory allegations of conspiracy were insufficient to state a claim, yet Torres offers only more of the same in his third amended complaint.[2] *See* Docket No. 12 at 11. The conclusory allegations of conspiracy do not show that there is a defendant common to both segments of the third amended complaint. Second, the third amended complaint mentions Contra Costa County in the July 4 arrest claims as well as the trial claims, and alleges that Contra Costa County tolerates civil wrongs by the Concord Police Department. *See* Docket No. 18 at 14, 40. But no facts are alleged showing that Contra Costa County has any control over the Concord Police Department, or that the county and the city are anything other than two separate municipal entities. The allegations do not show that Contra Costa County is a proper defendant for the arrest claims. Lastly, the third amended complaint alleges that the State of California owes Torres damages and is responsible for every wrong alleged. Docket No. 18 at 43. The State of California will not remain as a party for either segment because it has Eleventh Amendment immunity from Torres' claims, and therefore must be dismissed. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). There is no defendant as to whom viable claims are alleged in both segments of the third amended complaint.

---

[2] The difference between a conclusory allegation and a factual allegation can best be understood by some examples. For example, "Smith drove negligently" is a conclusory allegation and "Smith drove through an intersection without stopping at the stop sign" is a factual allegation. As another example, "Judge Smith imposed a fine that was cruel and unusual punishment" is a conclusory allegation and "Judge Smith imposed a fine of eight million dollars" is a factual allegation. When a complaint only alleges conclusions and does not describe the facts that support the conclusions, it is deficient.

When there is an improper joinder of parties, the improper joinder problem can be solved by dismissing or severing the improperly joined parties. *See* Fed. R. Civ. P. 21. The court must conduct a prejudice analysis, including potential statute of limitations problems, before selecting dismissal over severance. *See Rush v. Sport Chalet, Inc.,* 779 F.3d 973, 975 (9th Cir. 2015). Here, dismissal will not be chosen because of statute of limitations concerns. The statute of limitations for a § 1983 claim filed in California is two years, and it may be tolled for up to two years for the disability of imprisonment for certain plaintiffs. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code §§ 335.1, 352.1, 357. The events and omissions giving rise to Torres' claims happened 3-5 years ago (i.e., in approximately mid-2012 through 2013 or 2014) and it is unclear on the record how much tolling for incarceration would apply. A statute of limitations problem may arise if the court simply dismisses the improperly joined defendants. Because of the uncertainties about the statute of limitations issues for Torres, the court chooses severance over dismissal of the improperly joined parties.

This action will proceed with only the claims against the Concord Police Department and members of the Concord Police Department relating to the events on July 4, 2012. The claims against the other defendants will be severed and proceed in a separate action. (At the end of this order, directions will be provided for the clerk to file the new action with the severed defendants and claims.)

B. <u>The Third Amended Complaint States Claims Based On The July 4, 2012 Events</u>

Torres alleges several § 1983 claims based on the events on July 4, 2012. He claims that the officers illegally entered his home, used excessive force, falsely arrested him, and violated his right to equal protection of the laws.

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995); *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994). The third amended complaint alleges that Torres let officers Hansen and Smith enter the residence reluctantly and only after one told him he was legally required to let them into the residence. Liberally construed, the third amended complaint alleges a

cognizable claim against officers Hansen and Smith for an unreasonable search in violation of Torres' Fourth Amendment rights.

The constitutional right at issue when it is alleged that a law enforcement officer used excessive force in the course of an arrest or other seizure is the Fourth Amendment right to be free from "unreasonable . . . seizures." U.S. Const. amend. IV; *see Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations and internal quotation marks omitted). Three different uses of force are alleged by Torres: the officers allegedly beat him upon entry into the residence, after he was handcuffed, and when he was at the police station. Liberally construed, the third amended complaint states a cognizable claim against Concord police officers Hansen and Smith for the use of excessive force on Torres on July 4, 2012.

The Fourth Amendment requires that an arrest be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Michigan v. Summers*, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is probable cause to support it). An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010). The third amended complaint alleges that Torres was falsely arrested, and suggests there was no basis for his arrest. Liberally construed, the third amended complaint states a cognizable claim against Concord police officers Hansen and Smith for the false arrest of Torres on Torres on July 4, 2012.

A plaintiff must show that there was no probable cause for his arrest to prevail on a § 1983 claim for false imprisonment. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). The claim for wrongful detention, i.e., false imprisonment, generally fails when a claim for wrongful arrest fails. *See generally Baker v. McCollan*, 443 U.S. 137, 142-145 (1979) (absent lack of validity of warrant, claim is for violation of state tort law, at best); *id.* at 145 (three-day detention following arrest pursuant to warrant did not violate the Constitution). The third

7

amended complaint alleges that Torres was falsely arrested, and suggests there was no basis for his arrest and subsequent detention. Liberally construed, the third amended complaint states a cognizable claim against Concord police officers Hansen and Smith for the false imprisonment of Torres on Torres on and after July 4, 2012.

"To prevail on [a] claim under the equal protection clause of the Fourteenth Amendment, a plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose. 'To establish a discriminatory effect . . . , the claimant must show that similarly situated individuals . . . were not prosecuted.' To show discriminatory purpose, a plaintiff must establish that "the decision-maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Rosenbaum v. City and County of San Francisco*, 484 F.3d 1142, 1152-53 (9th Cir. 2007) (citations omitted). Even with liberal construction, the third amended complaint does not state a claim for a violation of Torres' right to equal protection. He alleges that the defendants used excessive force "due to but not limited to, plaintiff's race (Hispanic), gender, and predetermined impoverished status, violating plaintiff's right to the equal protection of the law." Docket No. 18 at 12. No facts are alleges to suggest that the defendants acted with a discriminatory purpose and that their actions had a discriminatory effect. The equal protection claim is dismissed. Further leave to amend will not be granted because the court already explained to Torres that he needed to allege facts showing the basis for liability for each defendant, and he failed to do so -- showing his unwillingness or inability to do so. *See* Docket No. 12 at 5-6.

Local governments, such as City of Concord, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). Liberally construed, the third amended complaint states a *Monell* claim against the Concord Police Department based on the alleged failure to train and supervise officers, and failure to properly investigate police misconduct. Docket No. 18 at 13-14.

The third amended complaint does not state a claim against Concord police sergeant White because the pleading admits that Torres does not know what sergeant White did that might have

8

violated his rights. That is, the third amended complaint alleges that sergeant White "negligently and intentionally refused to thoroughly investigate plaintiff's claims of excessive force," but in the next breath admits that "plaintiff is unsure of White's role in this complaint. . . . plaintiff is unable to obtain the specifics of White['s] role at this time." Docket No. 18 at 13. Sergeant White is dismissed from this action.

As the court explained in an earlier order, the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), may eventually require dismissal of one or more of Torres' excessive force claims because he was convicted of one count of resisting an executive officer in the performance of his duties. Docket No. 18 at 11-13. At this point, however, there is not enough information in the record to make a determination which, if any, of the excessive force and other claims are barred by *Heck*. *See id.* at 12-13. Especially due to the lack of information about the basis for the arrest of Torres, there is insufficient information in the record to determine whether any of the other claims about the events on July 4, 2012 also might be barred by *Heck*.

C.  Third Motion For Appointment of Counsel

Torres has moved for the third time for the appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. On the allegations of the third amended complaint, the likelihood of success on the merits looks rather low and plaintiff has not shown a difficulty articulating his claims. Additionally, now that the scope of this action has been trimmed to just the July 4, 2012 events, the case appears rather straightforward. The motion for appointment of counsel is DENIED. Docket No. 16.

**CONCLUSION**

1. The claims against the Concord Police Department and its members arising out of events and omissions on July 4, 2012 will proceed in this action. All other claims and defendants will be severed because they are not properly joined with the foregoing claims. That is, the claims and requests for relief alleged at pages 15-45 of the third amended complaint will be severed and filed as a new action, where they will be addressed. Only the claims at pages 9-14 and the requests for relief at pages 43:11 - 45 of the third amended complaint will be addressed in the present action (i.e., Case No. 16-cv-6607 SI). The jurisdictional allegations on page 1 apply in both the present action and the to-be-filed action.

2. The clerk shall open a new action and file a copy of the third amended complaint (Docket No. 18) as the first document in that new action. Before filing that document, the clerk shall cross out the case number for this action, so that it is clear that the third amended complaint is being used to commence a new action. The clerk shall also file a copy of this order in that new action, so that it will be clear how that new action came to be filed. In that new action, the claims alleged at pages 15-45 of the third amended complaint will be addressed.

3. Liberally construed, the third amended complaint states cognizable § 1983 claims against Concord police officer Hansen, Concord police officer Smith, and the Concord Police Department. All other defendants are dismissed.

4. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the third amended complaint, and a copy of this order and all earlier orders upon the following three defendants: (1) Concord police officer Mike Hansen; (2) Concord police officer Daniel Smith; and (3) Concord Police Department. They allegedly may be served at 1350 Galindo Street, Concord, CA 94520.

5. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **February 9, 2018**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date

10

the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **March 9, 2018**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      If defendants wish to file a reply brief, the reply brief must be filed and served no later than **March 23, 2018**.

      6.      Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

      7.      All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's

counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

11. Plaintiff's third motion for appointment of counsel is DENIED. Docket No. 16.

12. Plaintiff's motion to exceed the page limit for his third amended complaint is GRANTED. Docket No. 17. The court permits the 45-page third amended complaint. Plaintiff is cautioned that he must comply with page limits in the future, and that failure to do so may result in non-complying documents being disregarded.

**IT IS SO ORDERED**.

Dated: November 14, 2017

_____
SUSAN ILLSTON
United States District Judge