UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE HANSEN, et al.,<br><br>    Defendants. | Case No. 16-cv-06607-SI<br><br>**DISCOVERY AND SCHEDULING ORDER**<br><br>Re: Dkt. Nos. 50, 51, 54, 57 |

This matter is now before the court for consideration of defendants' motion to compel the further deposition of plaintiff and plaintiff's motion to compel the production of documents by defendants. For the reasons discussed below, the court grants defendants' motion to compel and denies plaintiff's motion to compel. The court also grants the requested extensions of deadlines to file briefs.

**BACKGROUND**

This is a *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 in which Mario Torres alleges claims arising out of his July 4, 2012 arrest by Concord police officers Mike Hansen and Daniel Smith, who came to Torres' residence in response to a complaint about a domestic disturbance. The court found cognizable claims against officers Hansen and Smith for unreasonable search and seizure, false arrest, and false imprisonment. Docket No. 21. The court also found cognizable a *Monell* claim against the Concord Police Department based on the alleged failure to train and supervise officers, and failure to properly investigate police misconduct. *See* Docket No. 21.

**DISCUSSION**

A. Legal Standards

In general, parties may obtain discovery regarding any matter, not privileged, that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Information need not be admissible in evidence to be discoverable. *Id.*

A motion to compel a discovery response is appropriate when, for example, a deponent fails to answer a question at a deposition. *See* Fed. R. Civ. P. 37(a)(3)(B)(i). An "evasive or incomplete" answer is treated as a failure to answer. Fed. R. Civ. P. 37(a)(4). The movant must certify that it has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure information or material without court action. Fed. R. Civ. P. 37(a)(1).

A motion to compel a discovery response also is appropriate when "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). As with other motions to compel, a motion to compel production of documents must include a certification that the movant has in good faith conferred or attempted to confer with the party who failed to produce documents. Fed. R. Civ. P. 37(a)(1).

B. Defendants' Motion to Compel Further Deposition

Defendants move to compel plaintiff's further deposition. Defendants show that defense counsel deposed plaintiff for about four hours on August 20, 2018 before plaintiff prematurely ended the deposition. From the deposition transcript excerpts submitted, it appears that the deposition was contentious in several parts. Defense counsel attempted to ask Torres about the criminal case related to his arrest, as well as criminal cases regarding his earlier and later arrests – matters that defendants contend are relevant to potential defenses under *Heck v. Humphrey*, 512 U.S. 477 (1994), damages,

and plaintiff's credibility. Torres would not answer some questions, made accusations that defense counsel worked for the district attorney's office, and finally ended the deposition. RT 220-226. Defense counsel tried to move forward with the deposition and told Torres that, if he ended the deposition, defense counsel could ask for sanctions and the court would "be mad"; Torres responded with disdain. RT 220-21. Torres insisted that he would need a court order before he would continue. RT 224-25.

Plaintiff argues in opposition to the motion to compel that he did not receive proper notice of his deposition. This argument fails because he waived any objection he had by failing to timely object to the alleged lack of proper notice. *See* Fed. R. Civ. P. 32(d)(3)(B). He could have objected on the day of the deposition or promptly sought a protective order, but did neither and instead waited until three months after the deposition occurred to first mention this objection.

Plaintiff's apparent belief that the court had denied permission for him to be deposed is wrong. In the scheduling order filed April 16, 2018, the court denied defendants' request to depose plaintiff as "unnecessary" because the court "already gave them permission to take plaintiff's deposition." Docket No. 36 at 1. The court has not denied defendants permission to conduct plaintiff's deposition.

Plaintiff argues that he was unfamiliar with some documents shown to him at his deposition. Even if true, this did not provide a basis to terminate the deposition. He simply could have said he was unfamiliar with the document(s).

Plaintiff's contention that the deposition was "disrespectful" and "hostile" is belied by the deposition transcript. The transcript shows plaintiff to have been an uncooperative and argumentative witness, rather than a witness subject to disrespectful questioning. *See, e.g.,* Torres Depo., RT 151-57, 220-21. If plaintiff thought the questioning attorney was being disrespectful, he could have made an objection at the deposition. The court notes that plaintiff did not state at the deposition that he was terminating the deposition because of the tone of counsel's questions; rather, it appears that he terminated the deposition because he thought the questioning attorney was acting on behalf of the district attorney.

3

Upon due consideration, defendants' motion to compel the further deposition of plaintiff is GRANTED. Docket No. 50.[1] Plaintiff must appear for his further deposition at the time and place noticed by defendants, who are to coordinate scheduling with the appropriate officials at plaintiff's place of incarceration. The court will not limit or authorize particular areas of questioning to be covered at the further deposition. The questioning should comport with the limits on the scope of discovery in Rule 26(b). The court also will not impose a time limit for the further deposition. Defendants can depose plaintiff as long as reasonably necessary to obtain responses to their questions. Defendants shall mail a copy of the deposition transcript to plaintiff when they receive the transcript from the court reporter. Although the court understands that defendants are constrained by prison officials' scheduling needs, the court encourages defendants to take reasonable steps to try to schedule the further deposition to occur by the end of 2018.

In the interest of avoiding further disputes about the deposition when it resumes, the court offers a few thoughts. First, if plaintiff believes there is an impropriety in the notice for the deposition or the tone of defense counsel's questions, he can make an objection at his further deposition. A party may make an objection on the record "whether to evidence, to a party's conduct, to the officer's qualification, to the manner of taking the deposition, or to any other aspect of the deposition," Fed. R. Civ. P. 30(c)(2). Even if he does make such objections, however, the "examination still proceeds" and the "testimony is taken subject to any objection." *Id.*

Second, plaintiff may refuse to answer a question to preserve a privilege, such as the privilege against self-incrimination. *See* Fed. R. Civ. P. 30(d)(3). He is cautioned that that invoking the privilege against self-incrimination has a different impact in a civil case (such as this one) than in a criminal case. An adverse inference may be drawn in a *civil* case from the invocation of the privilege against self incrimination. *See Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976). Also, a person who invokes the self-incrimination privilege may not be permitted to testify or submit declarations on matters as to which the privilege was claimed, if doing so would prejudice the

---

[1] Plaintiff's motion for an extension of the deadline to oppose the motion to compel and defendants' motion for an extension of the deadline to file a reply are GRANTED. Docket Nos. 54, 57. The opposition and reply that were filed are deemed to have been timely filed and have been considered by the court in ruling on the motion to compel.

4

opposing party. *See Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910-11 (9th Cir. 2008).

Third, although no sanctions will be awarded today, the parties are reminded that the court can impose monetary and non-monetary sanctions on a party who disobeys court orders, files frivolous documents, and/or fails to cooperate in discovery. *See* Fed. R. Civ. P. 11, 37(d). The non-monetary sanctions that can be imposed on an offending party include the following: the party may be disallowed from presenting some or all documents at trial and in opposition to a summary judgment motion; the party may be disallowed from presenting testimony and declarations at trial and in opposition to a summary judgment motion; defendants as to whom a plaintiff refuses to provide discovery may be dismissed; and claims/defenses as to which the party refuses to provide discovery may be dismissed.

### C. Plaintiff's Motion to Compel Document Production

Plaintiff moves to compel production of four categories of documents from defendants. The record shows that plaintiff served a document production request on defendants, and that defendants served on plaintiff a written response and produced 96 pages of documents as well as CDs containing photos and recorded audio.

Plaintiff's motion to compel the production of documents is DENIED for two reasons. Docket No. 51. First, plaintiff fails to show that the four categories of documents for which he seeks an order compelling production are covered by the document production request he earlier served on defendants. A motion to compel production of documents can only be made when there has been a failure to voluntarily produce the documents; without a showing that the moving party actually requested the documents, the court cannot determine that the nonmoving party has failed to comply with his or her discovery obligations. Second, plaintiff did not meet and confer with defense counsel about defendants' response to the document production request before filing his motion to compel. Plaintiff's statements in his deposition do not qualify as a good faith effort to meet and confer because they were not directed at defendants' discovery response and instead were generalized complaints about being denied discovery by anyone not on his side in his criminal cases. *See, e.g.,* RT 215 ("You know, honestly, I don't know what the hell I was – the way you guys got going

because per county policy, I've been denied any and all discovery."), 217 ("If you want to know about any alleged crimes, then look at the public record because I've been trying to get it for five years."); 218 (same); 220 (same).

## CONCLUSION

To summarize the rulings in this order: Defendants' request to compel plaintiff's further deposition is GRANTED. Docket No. 50. Plaintiff's motion for an extension of the deadline to oppose the motion to compel and defendants' motion for an extension of the deadline to file a reply are GRANTED. Docket Nos. 54, 57. Plaintiff's motion to compel the production of documents is DENIED. Docket No. 51.

The court now sets the following briefing schedule for dispositive motions: Defendants must file and serve a motion for summary judgment no later than **thirty days** after the conclusion of the further deposition of plaintiff. Plaintiff must file and serve on defense counsel his opposition to the motion for summary judgment within **thirty days** of receiving the motion for summary judgment. Defendants must file and serve their reply, if any, within **fourteen days** of receiving plaintiff's opposition. If defendants do not intend to file a motion for summary judgment, they must file and serve a notice to that effect within **thirty days** after the conclusion of the further deposition of plaintiff.

The CDCR's inmate-locator website indicates that plaintiff's "parole eligible date" is January 2019. Although the court generally prefers that the parties press forward with diligence toward resolution of an action, there are some scheduling difficulties that can be avoided if a plaintiff is not in custody that might overcome that preference when the plaintiff's release appears imminent. If the parties *jointly agree* to stay this action until plaintiff's release from custody, they may submit a stipulation for the court's consideration.

**IT IS SO ORDERED**.

Dated: November 7, 2018

_____
SUSAN ILLSTON
United States District Judge