1

2

3

4                         UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7      MARIO TORRES,                          Case No.  16-cv-06607-SI

8                     Plaintiff,

9             v.                              **ORDER**
                                              Re: Dkt. Nos. 72, 73, 74, 78
10     MIKE HANSEN, et al.,

11                    Defendants.

12

13           This is a *pro se* prisoner's civil rights action in which plaintiff alleges claims arising out of

14     his July 4, 2012 arrest by two Concord police officers.  Defendants – the two Concord police officers

15     and the Concord Police Department – filed a motion for summary judgment against plaintiff on

16     March 8, 2019.  This matter is now before the court for consideration of several miscellaneous

17     matters.

18           First, several of plaintiff's filings have expressed concern about things that are happening in

19     his life that are not within the scope of this action.  For example, his motion for appointment of

20     counsel complains about the circumstances of his January 17, 2019 arrest for a parole violation and

21     has an attachment complaining about the mistreatment of his daughter in 2018.  *See* Docket No. 72

22     at 2-3; Docket No. 72-1 at 10.  Plaintiff is reminded that the current action concerns *only* his arrest

23     on July 4, 2012; problems in his life other than his July 4, 2012 arrest should not be further

24     mentioned in this case.  If plaintiff wants to complain about something other than his July 4, 2012

25     arrest, he may file a new action to do so.

26           Second, defendants set their motion for summary judgment for a hearing date, and the clerk

27     later took the matter off calendar.  This means that the motion is still pending but will not have an

28     oral hearing.  In *pro se* prisoner cases, motions are not scheduled for hearings and instead are decided

United States District Court
Northern District of California

on the papers presented by the parties. This is done to avoid the scheduling difficulties and expense involved in transporting a prisoner to the courthouse unless necessary for a trial or when the court on its own motion deems it appropriate.

Third, plaintiff has moved for appointment of counsel to represent him in his action. Docket No. 72. This is his sixth motion for appointment of counsel. *See* Docket Nos. 2, 10, 16, 27, 49, 72. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. On the allegations of the third amended complaint, the likelihood of success on the merits looks rather low and plaintiff has not shown a difficulty articulating his claims. Additionally, the case appears rather straightforward. The motion for appointment of counsel is DENIED. Docket No. 72. Plaintiff may not file any more motions or requests for appointment of counsel in this action.

Fourth, Plaintiff has moved for an extension of time to file his opposition to the motion for summary judgment. Docket Nos. 73, 78. Plaintiff's motion is GRANTED. Plaintiff must file and serve his opposition to the motion for summary judgment no later than **May 31, 2019**. No further extensions of this deadline should be expected.[1] Defendants must file and serve their reply, if any, no later than **June 14, 2019**.

---

[1] The court is concerned about the age of this case. During the course of this action, plaintiff has ten times requested extensions or stays in the proceedings. *See* Docket Nos. 13, 24, 29, 37, 54, 60, 63, 64, 73, 78. Although the court grants the requested extension of the deadline to file the opposition to the motion for summary judgment, the court's patience with plaintiff's repeated efforts to delay resolution of this case has reached an end. This action will not be further delayed.

Fifth, Plaintiff filed a motion for a "federal court order" to order jail officials to acknowledge plaintiff's *pro per* status "and an attorney to be provided at county expense each and every time plaintiff is incarcerated in county jail." Docket No. 74 at 5. Plaintiff states that he wants to be able to more effectively litigate in his several civil cases in the state and federal courts but is hampered by the limited access to the legal research service provided at the jail, which apparently is primarily devoted to assisting persons representing themselves in active criminal cases in the Contra Costa County Superior Court. *Id.* at 4-5. To grant the requested relief, the court would have to interfere with the ordinary day-to-day operations of the county jail, which federal courts generally are discouraged from doing. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (judiciary should exercise restraint on matters of prison administration). And the jail officials are not defendants in this action. The request for a federal court to order jail officials to acknowledge plaintiff's *pro per* status and provide him an attorney is DENIED. Docket No. 74. Plaintiff should follow the county jail's procedures for obtaining access to the law library and legal research materials. If plaintiff wants to pursue a claim that he has been denied access to the courts due to an inadequate law library or other legal resources at the county jail, he may file a new action to do so.

**IT IS SO ORDERED**.

Dated: April 9, 2019

_____
SUSAN ILLSTON
United States District Judge