UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE HANSEN, et al.,<br><br>    Defendants. | Case No. 16-cv-06607-SI<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 113, 116 |

This is a *pro se* prisoner's civil rights action in which plaintiff alleges claims arising out of his July 4, 2012 arrest by two Concord police officers, Daniel Smith and Mike Hansen, who responded to a 911 call reporting a fight or a domestic disturbance at plaintiff's apartment. The only remaining claims are (1) a Fourth Amendment claim against officers Hansen and Smith for an unreasonable search based on the warrantless entry of the residence, and (2) a Fourth Amendment claim against officers Hansen and Smith for excessive force based on three uses of force (i.e., allegedly beating Torres upon entry into the residence, after he was handcuffed, and when he was at the police station). Docket No. 103. Summary judgment was granted against plaintiff on his false arrest, false imprisonment, and *Monell* claims. *Id.*

Plaintiff has filed a motion to compel defendants to produce documents. Docket No. 113. The request for production of documents consists of a December 17, 2018, email from plaintiff to defense counsel containing a lengthy list of categories of documents he wanted. Docket No. 113-1 at 4. Defense counsel responded to plaintiff in an email that stated: "As I previously explained to you on the phone call we just had, discovery requests made via email are not proper under the federal rules, and we have not agreed to accept discovery requests via email." *Id.* at 5 (December 17, 2018 email from attorney Rothman to Torres). Torres never sent discovery requests via regular mail or

hand-delivery, and defense counsel never agreed to accept email discovery requests.

Defense counsel was correct that service by email was improper because defense counsel had never agreed to accept email service of discovery requests. "The party to whom the request [for production of documents] is directed must respond in writing within 30 days after being *served*." Fed. R. Civ. P. 34(b)(2)(A) (emphasis added). Federal Rule of Civil Procedure 5(b) and (c) govern service of papers during the course of an action. "A paper is served under this rule by . . . sending it to a registered user by filing it with the court's electronic-filing system or send sending it by other electronic means that the person consented to in writing," or by "delivering it by any other means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E) & (F).[1] There is no evidence in the record that the discovery request properly was served. Defendants had no duty to respond to the request that was not properly served. Therefore, the motion to compel is DENIED. Docket No. 113.

Any new request for production of documents must be served properly, such as by sending it via first class mail to defense counsel. Any new request for production of documents also must comply with the requirements of Federal Rules of Civil Procedure 34. Plaintiff is specifically directed to Rule 34(b)(1), which states: "The request: (A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and (C) may specify the form or forms in which electronically stored information is to be produced."

In light of the denial of the motion to compel due to improper service of the discovery request, the court does not discuss the individual items requested. The court will, however, address one substantial area that is beyond the proper scope of discovery in this case, i.e., plaintiff's other criminal cases and arrests. In general, parties may obtain discovery regarding any matter, not

---

[1] The provision for sending a document via e-filing does not apply because plaintiff is not an e-filer. Plaintiff states that he wanted to do e-filing to avoid the financial burden of postage and faults the court for denying his request. Docket No. 113 at 1-2. But plaintiff fails to acknowledge that the denial of his request was "without prejudice to plaintiff filing a new request if and when he determines that he meets the technical requirements to be an e-filer." Docket No. 84 at 1. Plaintiff never bothered to file a new request. He thus remains a paper filer rather than a e-filer.

1  privileged, that is "relevant to any party's claim or defense and proportional to the needs of the case."
2  Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the
3  action, the amount in controversy, the parties' relative access to relevant information, the parties'
4  resources, the importance of the discovery in resolving the issues, and whether the burden or expense
5  of the proposed discovery outweighs its likely benefit." *Id.* Plaintiff wants to delve into his other
6  encounters with the criminal justice system, but that is unwarranted in this case that is so plainly
7  limited to the events on July 4, 2012. Plaintiff was arrested on several occasions, had several court
8  cases against him, and suffered several convictions leading to imprisonment. At many points in this
9  litigation, plaintiff has tried to inject issues about arrests other than the July 4, 2012 arrest and cases
10 other than the criminal case that arose from the July 4, 2012, arrest. Those other arrests and cases
11 are not relevant to the claims in this case and the discovery about them would not be proportional
12 to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, plaintiff must confine any
13 future discovery requests to the events on July 4, 2012, and (if relevant) the one criminal case filed
14 against him as a result of his arrest on July 4, 2012. Defendants do not need to provide any discovery
15 in response to requests that are not so confined.

Plaintiff has filed a "request for telephonic conference for purpose of enforcing court's meet and confer requirement." Docket No. 116. Although he cites the standing order of Magistrate Judge Illman, that standing order is inapplicable because the discovery dispute has not been referred to Magistrate Judge Illman, who is only handling settlement proceedings. The undersigned is handling the discovery matters in this action. There is no need to meet and confer at this point because, as explained above, plaintiff did not properly serve his request for production of documents. For this reason, the request for a telephonic conference is DENIED. Docket No. 116. (The telephonic conference scheduled by Magistrate Judge Illman regarding settlement proceedings will go forward, but will not address discovery issues.)

**IT IS SO ORDERED**.

Dated: November 25, 2019

_____
SUSAN ILLSTON
United States District Judge

3