UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO TORRES,

    Plaintiff,

v.

MIKE HANSEN, et al.,

    Defendants.

Case No. 16-cv-06607-SI

**ORDER FOR CASE MANAGEMENT STATEMENTS**

This is a *pro se* prisoner's civil rights action in which plaintiff alleges claims arising out of his July 4, 2012, arrest by Concord police officers Daniel Smith and Mike Hansen, who responded to a 911 call reporting a fight or a domestic disturbance at plaintiff's apartment. The only remaining claims are (1) a Fourth Amendment claim against officers Hansen and Smith for an unreasonable search based on the warrantless entry of the residence, and (2) a Fourth Amendment claim against officers Hansen and Smith for excessive force based on three uses of force (i.e., allegedly beating Torres upon entry into the residence, after he was handcuffed, and when he was at the police station). Docket No. 103. Summary judgment was granted against plaintiff on his false arrest, false imprisonment, and *Monell* claims. *Id.* A settlement conference was held on December 11, 2019, but the parties were unable to reach a settlement.

This action has been pending for more than three years, and it is now time to move toward trial. The parties may be ready for trial right now, but the court wants some information from them so that the court can, among other things, set a discovery cut-off and a trial date. Accordingly, the parties must file and serve case management statements no later than **February 21, 2020,** in which they provide the following information:

(1) <u>Discovery</u>. Describe specifically the discovery that remains to be done. State who/what you plan to subpoena and who you plan to depose. State whether you plan to request a production of documents, propound interrogatories, and/or make a request for admissions. Propose a discovery schedule (that includes the approximate date on which each discovery request will be made) and a discovery cut-off date.

(2) <u>Further motions</u>. State whether you intend to file any further motions and specifically identify those motions.

(3) <u>Trial planning.</u> State the date on which you will be ready for trial, and list the dates of any pre-arranged vacations or other dates of unavailability in the next twelve months. Provide an estimate of the number of days needed for trial. List the names of all of your intended witnesses for trial.[1] For each such witness, state briefly the testimony expected from that witness. List the types of experts that you intend to call as witnesses.

The case management statements do not need to be jointly prepared.

Finally, defense counsel Amy Rothman has brought to the court's attention her view that plaintiff has been engaging in "untruthful and baseless personal attacks on [her] integrity and character." Docket No. 117-1 at 3. His attacks have been made in filings in this action, in an unrelated Ninth Circuit appeal, in an email to "essentially" counsel's entire law firm, and in a complaint he filed with the California State Bar, as well as verbally. *Id.* Attorney Rothman declares that, given the foregoing and the fact that plaintiff is no longer incarcerated, plaintiff's "aggressive, hostile and inappropriate behavior towards counsel at his deposition" "has raised some real safety concerns" for her. *Id.*[2] At this point, the court will take no action because defendants do not request

---

[1] Plaintiff is informed that he needs to make arrangements to pay witness fees and expert witness fees. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). The *in forma* pauperis statute does not authorize the district court to waive witness fees or expenses paid to the witnesses, *see Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1992); *Tedder*, 890 F.2d at 211-12. Therefore, even though plaintiff is proceeding *in forma pauperis,* he must make arrangements to pay witness fees and travel expenses for any witnesses he intends to call at trial.

[2] If an occasion arises when counsel has immediate concerns about her personal safety, it would be more appropriate to contact a law enforcement agency.

sanctions and do not cite any legal authorities in support of a view that plaintiff's conduct in this action is sanctionable. Without making any finding as to whether plaintiff engaged in the alleged conduct or the conduct was improper, the court reminds the parties that the court has power under the Federal Rules of Civil Procedure to impose both monetary and nonmonetary sanctions on *pro se* litigants and attorneys for certain improper conduct. *See, e.g.,* Fed. R. Civ. P. 11, 16, 37, 41(a). The court also has the inherent power to impose monetary and nonmonetary sanctions against both attorneys and parties for bad faith conduct in the litigation or willful disobedience of a court order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1980). The court expects the parties to exercise a reasonable degree of civility in their conduct of this litigation. If a party can think of no other reason to be civil, he should be mindful that harassing, threatening, and obnoxious behavior typically does not make a favorable impression on jurors.

**IT IS SO ORDERED**.

Dated: January 21, 2020

_____
SUSAN ILLSTON
United States District Judge