UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE HANSEN, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-06607-SI<br><br>**PRETRIAL SCHEDULING ORDER** |

Recently, the Court ordered the parties to file case management statements to determine the trial-readiness of this case. Docket No. 122. Defendants filed a case management statement, but plaintiff did not.[1] *See* Docket No. 127. The case file and the case management statement that was filed indicate that this case is almost ready for a jury trial that is expected to last 4-6 days. The Court now sets the following schedule:

　　1.　　<u>Discovery cut-off</u>: All non-expert discovery must be completed by **June 30, 2020**.

　　2.　　<u>Expert witness discovery</u>: No later than **July 1, 2020**, the parties must disclose any expert(s) they intend to use at trial. No later than **July 14, 2020**, the parties must disclose any rebuttal expert(s) they intend to use at trial. No later than **July 31, 2020**, the parties must complete all expert witness discovery.

　　3.　　<u>Pretrial conference</u>: The parties must file their pretrial conference statements no later than **August 4, 2020**. The pretrial conference will be held at **3:30 p.m.** on **August 18, 2020** in Courtroom # 1 on the 17th Floor of the courthouse at 450 Golden Gate Avenue, San Francisco, California. The parties must comply with all the instructions on the attached "Pretrial Instructions

---

[1] Plaintiff's most recent request for an extension of the deadline to file a case management statement is DENIED for the reasons stated in the order filed February 14, 2020. Docket No. 128.

– Honorable Susan Illston" form that also is available on the Court's website.

4. Trial: The trial will commence at **8:30 a.m.** on **August 31, 2020.**

Due to the recurring problem of plaintiff missing deadlines and requesting extensions, the Court provides these cautionary words. The deadlines set in this order are almost all related to other deadlines in this order (e.g., the pretrial conference statements are needed in time to prepare for the pretrial conference), such that changing any one of them might make it difficult for the other deadlines to stay in place. The parties therefore must make every reasonable effort to comply with the deadlines because it is extremely unlikely that any of the deadlines set in this order will be extended. Failing to comply with any of these court-ordered deadlines may result in sanctions or dismissal. *See generally Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1980) (court has the inherent power to impose monetary and nonmonetary sanctions against parties and attorneys for bad faith conduct in the litigation or willful disobedience of a court order); Fed. R. Civ. P. 41(b) (action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order").

**IT IS SO ORDERED**.

Dated: March 10, 2020

_____
SUSAN ILLSTON
United States District Judge