UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>        Plaintiff,<br><br>    v.<br><br>MIKE HANSEN and DANIEL SMITH,<br><br>        Defendants. | Case No. 16-cv-06607-SI<br><br>**FINAL JURY INSTRUCTIONS** |

## DUTY OF JURY

Members of the jury: Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**SELF-REPRESENTED PARTY**

Mario Torres is representing himself in this trial. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration.

Because Mario Torres is acting as his own lawyer, you heard him speak at various times during the trial. He made an opening statement and closing argument and asked questions of witnesses, made objections, and argued legal issues to the court. I want to remind you that when Mr. Torres spoke in these parts of the trial, he was acting as his own advocate, and his words are not evidence. The only evidence in this case comes from witnesses who testified under oath on the witness stand and from exhibits that were admitted into evidence. You should treat the testimony of a self-represented party just as you would the testimony of any other witness.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the parties have agreed; and

4. any facts that I may instruct you to accept as proved.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by the defense lawyers or by plaintiff when he is not testifying are not evidence. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you

remember them differ from the way the lawyers or plaintiff have stated them in their arguments, your memory of them controls.

2. Questions and objections by lawyers or plaintiff are not evidence. The lawyers or plaintiff may object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### REDACTIONS

Some evidence was admitted with "redactions." Redactions are alterations to a document made by the parties by blacking out a portion of the document. Documents are redacted for a variety of reasons, including to protect the privacy of other persons not involved in this case or to exclude inadmissible evidence. The redacted portions of the documents are unrelated to the case, and you are not to speculate about the redacted portion of the document.

### EVIDENCE FOR LIMITED PURPOSE

Some evidence was admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer or plaintiff asks a question or offers an exhibit into evidence and the other side thinks that it is not permitted by the rules of evidence, they may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

5

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## **IMPEACHMENT EVIDENCE -- WITNESS**

The evidence that a witness has been convicted of a crime, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

In this case, you are informed plaintiff Mario Torres has been convicted of felony offenses. This information is provided to you to consider, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**CLAIMS AND DEFENSES**

Plaintiff Mario Torres claims that defendants, Officer Mike Hansen and Officer Daniel Smith from the Concord Police Department, unlawfully entered plaintiff's apartment (residence) without a warrant or consent and used excessive force on him on July 4, 2012. More specifically, plaintiff alleges that the officers unlawfully entered the apartment during a domestic disturbance/violence type call for service and investigation, that both officers used excessive force against plaintiff before he was handcuffed, and then Officer Hansen used excessive force on plaintiff after he was in handcuffs.

The defendants deny plaintiff's claims and contend that they had the lawful right to enter the apartment, per the totality of the circumstances they faced, to investigate this domestic disturbance/violence type call for service, per the consent of the plaintiff and/or exigent circumstances and/or to determine whether or not they needed to provide emergency aid to anyone inside. The defendants also contend that any force used to control Plaintiff in the apartment was objectively reasonable under the circumstances and that no force was used on plaintiff by Officer Hansen after plaintiff was already in handcuffs.

**SECTION 1983 CLAIMS—INTRODUCTORY INSTRUCTION**

The plaintiff brings his claims under the federal statute, 42 United States Code Section 1983, which provides that any persons who, under color of state law, deprive another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In order to prevail on his Section 1983 claims against defendants Officer Smith and Officer Hansen, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the acts of the defendants deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions.

A party acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that defendants Smith and Hansen acted under color of state law in their interaction with plaintiff on July 4, 2012.

The parties dispute whether the acts of defendants Smith or Hansen deprived plaintiff of any constitutional rights, as explained in later instructions. Plaintiff has the burden to prove this element by a preponderance of the evidence.

**CLAIM 1: UNREASONABLE ENTRY**

**FOURTH AMENDMENT – UNREASONABLE ENTRY**

As previously explained, the plaintiff has the burden of proving that the acts of the defendants deprived him of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when the officers entered the Mohr Lane apartment without a warrant or consent to investigate a call for service on July 4, 2012.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his residence. An entry into a residence is considered a "search" under the Fourth Amendment. To prove the defendants deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Officer Hansen and/or Officer Smith entered the plaintiff's residence;
2. in conducting the entry, the officers acted intentionally; and
3. the entry was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiff must prove the defendants intended to enter the plaintiff's residence. It is not enough if the plaintiff only proves the defendants acted negligently, accidentally or inadvertently in conducting the entry. However, the plaintiff does not need to prove the defendants intended to violate the plaintiff's Fourth Amendment rights.

In determining whether the entry was unreasonable, consider all of the circumstances, including:

(a) the scope of the particular intrusion;
(b) the manner in which it was conducted;
(c) the justification for initiating it; and
(d) the place in which it was conducted.

# CLAIM 1: UNREASONABLE ENTRY

## FOURTH AMENDMENT – UNREASONABLE ENTRY – EXCEPTION TO WARRANT REQUIREMENT – CONSENT

In general, an entry of a residence is unreasonable under the Fourth Amendment if the entry is not authorized by a search warrant. A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing. Under an exception to this rule, a search warrant is not required and an entry is reasonable if a person in lawful possession of the residence knowingly and voluntarily consents to the entry and there is not any express refusal to consent by another person who is physically present and also in lawful possession of the residence.

In determining whether a consent to entry is voluntary, consider all of the circumstances, including:

(1) whether the consenting person was in custody;

(2) whether the officers' guns were drawn;

(3) whether *Miranda* warnings were given;

(4) whether the consenting person was told he had the right to refuse entry;

(5) whether the consenting person was told a search warrant could be obtained;

(6) any other circumstances applicable to this call for service.

In order to prove the entry in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

## CLAIM 1: UNREASONABLE ENTRY

## FOURTH AMENDMENT – UNREASONABLE ENTRY – EXCEPTION TO WARRANT REQUIREMENT – EXIGENT CIRCUMSTANCES

In general, an entry of a residence is unreasonable under the Fourth Amendment if the entry is not conducted pursuant to a search warrant. A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing. Under an exception to this rule, a search warrant is not required, and an entry is reasonable if:

(1) all of the circumstances known to the officers at the time of the entry would cause a reasonable person to believe that the entry of the residence was necessary to confirm that other individual(s) in the residence were safe, to confirm that no one inside the residence was injured, and/or needed medical attention;

(2) at the time the officers made the entry, the officers had probable cause to believe that a crime had been or was being committed; and

(3) there was insufficient time to get a search warrant.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

In order to prove the entry in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

# CLAIM 1: UNREASONABLE ENTRY

## FOURTH AMENDMENT – UNREASONABLE ENTRY – EXCEPTION TO WARRANT REQUIREMENT – EMERGENCY AID

In general, an entry of a residence is unreasonable under the Fourth Amendment if the entry is not conducted pursuant to a search warrant. A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing. Under an exception to this rule, a search warrant is not required, and an entry is reasonable if, under all of the circumstances:

(1) the police officers had objectively reasonable grounds at the time of the entry to believe that there was an emergency at hand and there was an immediate need to protect others or themselves from serious harm; and

(2) the scope and manner of the entry were reasonable to meet the need.

The emergency aid doctrine recognizes that police function as community caretakers in addition to their roles as criminal investigators and law enforcers

In order to prove the entry in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

## CLAIMS 2 & 3:  EXCESSIVE FORCE

## FOURTH AMENDMENT – EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making an arrest, or in defending himself, or in attempting to stop a fleeing or escaping suspect.  Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.   Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer(s) used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to the officer at the time force was applied;

(2) whether the plaintiff posed an immediate threat to the safety of the officer(s) or to others;

(3) whether the plaintiff was actively resisting arrest;

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of the plaintiff's injury;

(7) any effort made by the officer to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

(9) the availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff;

(10) the number of lives at risk (citizens and/or police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

1       (11)    whether it was practical for the officer(s) to give warning of the imminent use of
2 force, and whether such warning was given;
3       (12)    whether the officers were responding to a domestic violence disturbance;
4       (13)    whether there was probable cause for a reasonable officer to believe that the plaintiff
5 had committed a crime involving the infliction or threatened infliction of serious physical harm.
6       "Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

## COMPENSATORY DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff on any of his claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The nature and extent of the injuries;

2. The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future; and

3. The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

16

1  Punitive damages may not be awarded to compensate a plaintiff.

2  The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant(s)' conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant(s) act in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant(s) injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant(s)' conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant(s) for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

## **DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## **CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

18

Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## **NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations you will not have a transcript of the trial testimony.

## **COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

19

1  Do not disclose any vote count in any note to the court.

2

3  **RETURN OF VERDICT**

4  A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

8  **IT IS SO ORDERED**.

10  Dated: November ____, 2023         _____
                                     SUSAN ILLSTON
                                     United States District Judge