UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKE HANSEN and DANIEL SMITH,<br><br>    Defendants. | Case No. 16-cv-06607-SI<br><br>**ORDER REFERRING PARTIES TO A DECEMBER 6, 2023 SETTLEMENT CONFERENCE WITH MAGISTRATE JUDGE SPERO AND SETTING FURTHER STATUS CONFERENCE FOR DECEMBER 15, 2023** |

On November 15, 2023, after a three day trial and two days of deliberations, the jury reached a verdict as to some of plaintiff's claims but deadlocked on one claim as to one defendant. The jury reached the following verdict: (1) on Claim 1, Warrantless Entry of Apartment, the jury found in favor of defendants Hansen and Smith; (2) on Claim 2, Excessive Force Prior to Handcuffing, the jury found in favor of defendant Smith and could not reach a verdict as to defendant Hansen; and (3) on Claim 3, Excessive Force After Handcuffing, the jury found in favor of defendant Hansen. In response to questioning from the Court, the jury stated that they could not reach agreement on the deadlocked claim and that further deliberations on Claim 2 as to defendant Hansen would be fruitless. The jury also wrote the following on the verdict form:

> We the jury would like it to be noted for the record that the events of July 4, 2012, could have been better with different actions from both parties. The defendants had the ability to verbalize directions and warnings to de-escalate the situation. The plaintiff had the ability to let the officers do their job as community caregivers.

Verdict Form at 5, Dkt. No. 262.

The Court has researched the question of whether the Court can accept a partial verdict and declare a mistrial on the deadlocked claim. Based upon the Court's review of the case law, the Court concludes that it has the discretion to do so when accepting a partial verdict would not risk an inconsistent verdict on the deadlocked claim. *See Sanchez v. City of Chicago*, 880 F.3d 349, 361

(7th Cir. 2018) (holding district court did not abuse its discretion to accept partial verdict in favor of one officer on claims of excessive force and improper arrest where jury deadlocked on claims of excessive force against another officer because "a finding concerning whether Garcia had probable cause to arrest Sanchez and whether Garcia used excessive force in making that arrest would have no effect on whether Felix used excessive force on Sanchez in the jail"); *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1134 (9th Cir. 1995) (noting "whether to limit issues in new trial is within trial court's discretion") (citing *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 897 (9th Cir. 1977)); *see also Erhart v. BofI Fed. Bank*, No. 15-CV-02287-BAS-NLS, 2022 WL 3160730, at *2 (S.D. Cal. Aug. 8, 2022) ("When a jury reaches an agreement on some but not all issues, the court has discretion to accept the partial verdict, order a limited retrial, or retry all the issues."); *Opal Labs Inc. v. Sprinklr, Inc.*, No. 3:18-CV-01192-HZ, 2022 WL 526167, at *1 (D. Or. Jan. 7, 2022) (considering whether partial retrial was appropriate after jury deadlocked on some but not all claims); *Kerman v. City of New York*, 261 F.3d 229, 242 n.9 (2d Cir. 2001); *Robertson Oil Co. v. Phillips Petroleum Co.*, 871 F.2d 1368, 1375 n.5 (8th Cir. 1989); *Bridges v. Chemrex Specialty Coatings, Inc.*, 704 F.2d 175, 180 (5th Cir. 1983).

Here, the Court is inclined to find that it is appropriate to accept the jury's partial verdict because a jury could reach different – and not inconsistent – verdicts about plaintiff's claims of excessive force prior to handcuffing against defendants Smith and Hansen (Claim 2), and Claims 1 and 3 are independent of Claim 2. However, at this time the Court reserves judgment on that question and finds that it is appropriate to REFER the parties to a settlement conference with Magistrate Judge Spero to take place on December 6, 2023 by zoom. Judge Spero's chambers will contact the parties to schedule the conference. The Court also sets a further status conference with this Court for December 15, 202 at 3:00 p.m.

**IT IS SO ORDERED**.

Dated: November 16, 2023

_____
SUSAN ILLSTON
United States District Judge