UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>   Plaintiff,<br><br>  v.<br><br>MIKE HANSEN, et al.,<br><br>   Defendants. | Case No. 16-cv-06607-SI<br><br>**ORDER DENYING POST-TRIAL MOTIONS; GRANTING PLAINTIFF'S REQUEST FOR TRIAL TRANSCRIPTS; AND SCHEDULING MARCH 8, 2024 CASE MANAGEMENT CONFERENCE FOR TRIAL SETTING**<br><br>Re: Dkt. Nos. 275-277, 280 |

The parties' post-trial motions are scheduled for a hearing on March 8, 2024. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are suitable for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES the motions, schedules a trial setting conference for March 8, 2024 at 3:00 p.m., and GRANTS Torres' request for copies of the trial transcripts. The Clerk shall mail a copy of this order to Mr. Torres.

**DISCUSSION**

On November 15, 2023, after a three day trial and two days of deliberations, the jury reached a verdict as to some of plaintiff Mario Torres's claims but deadlocked on one claim as to one defendant. The jury reached the following verdict: (1) on Claim 1, Warrantless Entry of Apartment, the jury found in favor of defendants Hansen and Smith; (2) on Claim 2, Excessive Force Prior to Handcuffing, the jury found in favor of defendant Smith and could not reach a verdict as to defendant Hansen; and (3) on Claim 3, Excessive Force After Handcuffing, the jury found in favor of defendant Hansen. The Court reserved judgment on whether it would accept a partial verdict and directed that the parties engage in settlement negotiations. Magistrate Judge Spero held a settlement conference

and the case did not settle, and the parties then filed post-trial motions.

I.   **Torres' Motion for a New Trial on All Claims**

Torres contends that he is entitled to a new trial on all claims. Torres cites this Court's summary judgment order for the proposition that the Court has already found that his Fourth Amendment rights have been violated. Torres also contends that the Court erred in providing a "community caretaking" jury instruction regarding the Warrantless Entry of Apartment claim.

The Court concludes that Torres is not entitled to a new trial on all claims, and that the Court can accept a partial verdict for the reasons stated in the Court's November 16, 2023 order. The Court's summary judgment order did not hold that defendants had violated Torres' Fourth Amendment rights, but rather that there were factual disputes about those claims that needed to be resolved at a trial. As to the challenged jury instruction, the Court finds that there was a factual and legal basis for giving that instruction to the jury because the evidence at trial showed that defendants responded to a report of a domestic disturbance and the 911 caller reported that the parties involved had been fighting inside and outside of the apartment. *See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 534 (9th Cir. 2010) ("Under the emergency exception, an officer may enter a home without a warrant to investigate an emergency that threatens life or limb if the officer has objectively reasonable grounds to believe that an emergency exists and that his immediate response is needed. . . This exception is derived from police officers' community caretaking function, allowing them to enter a home when an emergency which threatens physical harm is presented.").

II.  **Defendants' Motion for Judgment as a Matter of Law**

Defendants argue that the Court should enter judgment as a matter of law in favor of Hansen on the deadlocked excessive force claim, Excessive Force Prior to Handcuffing. Defendants argue that Hansen is entitled to qualified immunity because the testimony at trial showed that Hansen used extremely limited force in aid of Smith when Torres grabbed for Smith's baton. Mtn. at 8 (Dkt. No. 277). Defendants also argue under Rule 59(e) that Hansen has suffered a "manifest injustice"

2

1  because the jury concluded that Smith's use of greater force on Torres was reasonable while the jury
2  deadlocked on whether Hansen's "single impact with a flashlight to Mr. Torres' leg" was excessive.
3  *Id*. at 12.
4        "A district court can grant a Rule 50(a) motion for judgment as a matter of law only if 'there
5  is no legally sufficient basis for a reasonable jury to find for that party on that issue.'" *Krechman v.*
6  *Cnty. of Riverside*, 723 F.3d 1104, 1109–10 (9th Cir. 2013) (quoting *Jorgensen v. Cassiday*, 320
7  F.3d 906, 917 (9th Cir. 2003). The Court must "view the evidence in the light most favorable to the
8  nonmoving party . . . and draw all reasonable inferences in that party's favor." *EEOC v. Go Daddy*
9  *Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) "[I]n entertaining a motion for judgment as a
10 matter of law, the court . . . may not make credibility determinations or weigh the evidence." *Reeves*
11 *v. Sanderson Plumbing Prods*., 530 U.S. 133, 150 (2000). The court "may not substitute its view
12 of the evidence for that of the jury." *Winarto v. Toshiba Am. Elecs. Components, Inc*., 274 F.3d
13 1276, 1283 (9th Cir. 2001).
14       All of defendants' arguments are predicated on accepting their version of events – in which
15 Smith was on Torres' back attempting to subdue and handcuff him, Torres grabbed Smith's baton
16 and Hansen acted to protect Smith, and Smith used more force than Hansen did – and require the
17 Court to disregard Torres' trial testimony, which the Court cannot do. At trial, Torres testified that
18 after he and the officers entered the apartment, both officers started assaulting him and he fell to the
19 floor, at which point Officer Hansen got on top of Torres and straddled him and beat him on the
20 back of his head with his baton. Trial Transcript Vol. 2 at 45-46, 114. Torres testified that he reached
21 for Hansen's baton – not Smith's – to protect himself, and that Hansen used more force on him than
22 Smith did. In reviewing defendants' post-trial motion, the Court cannot make credibility
23 determinations and thus cannot accept defendants' version of events as true. *See Krechman*, 723
24 F.3d at 1109-10 (reversing a district court's grant of judgment as a matter of law to defendants after
25 trial where "[h]aving admitted the testimony of Krechman's experts, the judge was bound to take
26 their testimony as true for the purposes of considering whether to grant judgment as a matter of law.
27 The record shows that he did not do this but instead took the Defendants' expert testimony as true.").
28 For similar reasons, the Court cannot find that Hansen is entitled to relief under Rule 59

### III. New Trial

For the reasons stated above (and because the parties have not reached a settlement), the Court concludes that there must be a second trial that is limited to Torres' claim that Hansen used excessive force on him in the apartment prior to handcuffing. At the conclusion of that trial, the Court will enter judgment on all claims. The Court will hold a status conference on March 8, 2024 at 3:00 p.m. by zoom, and the parties shall be prepared to select a trial date at that conference.[1]

### IV. Torres' Request for Trial Transcripts

Torres requests a copy of the trial transcripts to prepare for an appeal and a second trial. Torres is proceeding *in forma pauperis*. The court reporter is directed to prepare a copy of previously produced trial transcript at Dkt. Nos. 286-290 in this case on the following basis:

( )    Ordinary (within 30 days @ $1.00 per page).

(X)    14-Day (within 14 days @ $1.00 per page).

( )    Expedited (within 7 days @ $1.00 per page).

( )    3-Day Transcript (within 3 days @ $1.20 per page).

( )    Daily (overnight @ $1.35 per page).

( )    Hourly (within 2 hours of receipt of the order @ $1.35 per page).

The Clerk is directed to pay said reporter the cost of copying the transcript at the rate indicated above, and in accordance with the requirements of the Judicial Conference of the United States, as set forth in the Guide to Judiciary Policies and Procedures.

**IT IS SO ORDERED**.

Dated: February 9, 2024

SUSAN ILLSTON
United States District Judge

---

[1] The parties may waive their right to a jury trial if they wish.