UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKE HANSEN, et al.,<br><br>    Defendants. | Case No. 16-cv-06607-SI<br><br>**FINAL PRETRIAL ORDER FOR JULY 8, 2024 TRIAL**<br><br>Re: Dkt. No. 297 |

On June 25, 2024, the Court held a final pretrial conference in this case, which is set for jury selection beginning July 8 at 11 a.m. Plaintiff Mario Torres is representing himself, and defendant Mike Hansen was represented by counsel. The following matters were resolved:

1. **Subject matter and timing of trial:** The parties are reminded that this jury trial involves only the Fourth Amendment claim that Officer Hansen used excessive force against Mr. Torres after entering the apartment and prior to Mr. Torres being handcuffed. At the November 2023 trial,[1] the jury found against Mr. Torres on the following claims: (1) Fourth Amendment claim that Officers Hansen and Smith illegally entered the apartment; (2) Fourth Amendment claim that Officer Smith used excessive force against Mr. Torres after the officers entered the apartment; and (3) Fourth Amendment claim that Officer Hansen used excessive force against Mr. Torres in the dining room area of the apartment after Mr. Torres was in handcuffs. <u>The jury will be instructed that the officers had the right to enter the apartment and that Officer Smith did not use excessive force on Mr. Torres.</u>

---

[1] The parties and the Court shall refer to the November 2023 trial as the "November Proceeding." The Court will craft language to instruct the jury about the November Proceeding and will provide that language to the parties prior to trial.

1  <u>If it becomes necessary, the Court will also instruct the jury that Officer Hansen did not use</u>
2  <u>excessive force on Mr. Torres after Mr. Torres was in handcuffs.</u>

3  In addition, the trial will not include evidence about claims that have been dismissed by this Court, such as claims that court transcripts in Mr. Torres' criminal case were doctored.  Further, Mr. Torres may not claim that Officer Smith used excessive force against him in the fingerprinting room of the Concord Police Station, as that claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  At the conclusion of this case, the Court will enter a final judgment and the parties may file an appeal at that time.

The Court will set the matter for a four day trial, and the parties are limited as follows:  each side shall have up to 25 minutes to present opening statements; each side shall have 6 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 30 minutes for closing argument.  Repetitive or cumulative examination will not be permitted, nor will examination on irrelevant matters or issues no longer in the case for trial.

2.  **Trial schedule:**  Jury selection will occur on July 8, 2023, at 11:00 a.m., with opening statements to follow.  Trial testimony begins on July 9.  The trial day runs from 9:00 a.m. until 4:00 p.m., with a 15 minute break at 10:15 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate.  The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays.

3.  **Number of jurors and challenges:**  There will be a jury of eight members. Each side shall have three peremptory challenges.

4.  **Juror Questionnaires/Voir dire:**  The completed jury questionnaires will be provided to the parties on July 2.  The Court will hold a conference via zoom on July 3 at 11:00 a.m. to discuss whether any jurors should be excused from jury service prior to jury selection on July 8.  A Clerk's Notice with the webinar information will be issued separately.

On the day of jury selection, the Court will ask the jury panel some questions during voir dire. When the Court is done with general voir dire, each side will be allotted 15 minutes to ask the jury panel questions.

5. **Witnesses:** Each party must advise the other by 5 p.m. the day prior of the witnesses that party expects to call. For example, plaintiff must tell defendant by 5 p.m. on Monday, July 8 who he expects to call for Tuesday, July 9, and so forth. If the trial has not concluded by Thursday, July 11, the notification must be made by 5 p.m. on Thursday, July 11 regarding witnesses to be called on Monday, July 15. The parties must cooperate with each other in scheduling witnesses. Because most witnesses appear on both plaintiff's and defendant's witness lists, the parties shall make an effort to call each witness only once, and defendant may conduct his direct examination of his own witnesses during plaintiff's presentation of those witnesses. Plaintiff is advised that for any witnesses who do not also appear on the defendant's witness list, he is responsible for producing the witness at trial, and that if a witness is unwilling to voluntarily appear, plaintiff is responsible for having a trial subpoena issued. *See generally* Fed. R. Civ. Proc. 45.

Any witness not listed below shall not be permitted to testify at trial without prior permission of the Court. The witnesses at trial will be the following individuals:

1. Plaintiff Mario Torres
2. Defendant Officer Mike Hansen
3. Officer Daniel Smith
4. Betty Zierke[2]
5. Alyse Plumley
6. Esteban Duque (to be called by Mr. Torres only)

---

[2] Defense counsel stated that Ms. Zierke had not responded to his communications regarding the trial and thus that it was unclear whether defendant would be able to produce Ms. Zierke at trial. Mr. Torres was advised that if he wishes to call Ms. Zierke as a witness, he is responsible for producing her.

3

6. **Trial exhibits:** The Court expects that the exhibits at trial will be the same exhibits that were admitted at the first trial and that are listed below. Any exhibit not listed below shall not be offered into evidence absent prior permission from the Court.

    1. 911 call: Exhibit 50

    2. Redacted police officer reports: Exhibit 51a

    3. Use of Force Reports for Officers Smith and Hansen: Exhibit 53

    4. Redacted Incident Detail Reports: Exhibit 54

    5. Use of Force Policy: Exhibit 55/Exhibit 55a[3]

    6. POST and Inhouse Training Logs for Officers Smith and Hansen: Exhibit 56

    7. Photographs taken of Mr. Torres, Ms. Zierke, the apartment, and Officers Smith and Hansen on July 4, 2012, with metadata information: Exhibits 57-75

<u>Mr. Torres' Kaiser records dated July 6, 2012:</u> At the pretrial conference, Mr. Torres stated that he wished to introduce some records from Kaiser regarding an office visit on July 6, 2012. Mr. Torres previously attempted to introduce these records at the November trial, and the Court denied Mr. Torres' motion because those documents had not been provided during discovery. *See* Dkt. No. 252. The Court again finds that the records are inadmissible for the same reason. In addition, even if Mr. Torres could authenticate the records, the office visit was after all of the events of July 4-5 (pre-handcuffing use of force in the apartment, post-handcuffing use of force in the apartment, and use of force during fingerprinting at the station), and thus the potential relevance of the records is substantially outweighed by the danger of confusion. *See* Federal Rule of Evidence 403.

<u>Exhibits related to Mr. Torres' state court criminal proceedings:</u> The Court will not allow the introduction of any exhibits related to Mr. Torres' criminal proceedings, such as the felony complaint, the preliminary hearing transcript, the abstract of judgment, or parole papers.

<u>Mr. Torres' pro se filings:</u> In general, the Court will not allow the introduction of pleadings (such as motions for summary judgment, motions in limine, discovery requests) into evidence. Prior

---

[3] Exhibit 55 was the Use of Force Policy that was revised in June 2016. Defendant states that Exhibit 55a, which is a new exhibit, is the Use of Force Policy that was the operative policy at the time of the incident.

to the use of any such document for impeachment, defense counsel must obtain permission of the Court.

7.  **Motions:** The Court DENIES defendants' motion for judgment on partial findings prior to trial (Dkt. No. 297). The Court concludes that entering a partial judgment under Rule 54(b) prior to trial is not in the interest of judicial efficiency. The Court will address defendant's concerns about potential confusion of the jury by instructing the jury as discussed in Paragraph 1, *supra*.

In addition, the Court ADOPTS the same rulings on the motions in limine as set forth in the Court' prior final pretrial order. Dkt. No. 246. In short, those orders were as follows:

Plaintiff's motion #1 to exclude deposition recordings and transcripts for deposition that occurred in August 2018: GRANTED IN PART: as discussed above, defendants will only use the August 2018 deposition for impeachment purposes.

Defendants' motion #1 to exclude any evidence (testimony and/or documentary) of negative personnel or background information, which may include unrelated: incidents, citizen's complaints, other lawsuits, and other internal affairs investigations, if any, involving these defendants Smith and Hansen: GRANTED, as these matters are irrelevant to the claims at trial.

Defendants' motion #2 to exclude any and all evidence of (testimony and/or documentary) and reference to or questions (including during voir dire) regarding other police matters around the nation, or locally, in the media, regarding excessive force and/or deadly force by officers and related matters: GRANTED, as these matters are irrelevant to the claims to be tried and such evidence would be unfairly prejudicial under Federal Rule of Evidence 403.

Defendants' motion #3 to excluding any and all evidence (testimony and/or documentary) regarding claims of unlawful behavior at the Concord Police Department (CPD) station by Officer Smith, including any reference to claimed missing purported recordings from such jail cameras: GRANTED, as any claims of unlawful behavior by Officer Smith at the police station are barred by *Heck* and there is no evidence of missing purported recordings. Further, Officer Smith is no longer a defendant in this case.

Defendants' motion #4 to preclude plaintiff from offering evidence (testimony and/or

documentary) which asserts or implies that Officer Smith testified untruthfully at Plaintiff's criminal preliminary hearing: GRANTED, as these matters are irrelevant and any claims regarding Mr. Torres' criminal preliminary hearing have been dismissed. Further, Officer Smith is no longer a defendant in this case.

Defendants' motion #5 to preclude plaintiff from offering evidence (testimony and/or documentary) which attempts to discuss claimed injuries or damages plaintiff suffered that are unrelated to his July 2012 arrest incident: GRANTED, as these matters are irrelevant to the remaining claims at trial.

8. **Jury Instructions and Verdict Form:** The Court will prepare draft jury instructions and a draft verdict form and will provide these to the parties.

**IT IS SO ORDERED**.

Dated: June 25, 2024

SUSAN ILLSTON
United States District Judge